FILED
United States Court of Appeals
Tenth Circuit

May 23, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RICKEY WHITE,

        Petitioner-Appellant,

v.

RANDALL WORKMAN,

        Respondent-Appellee.

Nos. 12-7015 & 12-7023
(D.C. Nos. 6:12-CV-00071-RAW-KEW
(E.D. Okla.)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY***

Before **BRISCOE**, Chief Judge, **MURPHY** and **MATHESON**, Circuit Judges.

Rickey White, a state prisoner proceeding pro se, seeks a certificate of

appealability (COA) to appeal the district court's dismissal of his unauthorized

second or successive 28 U.S.C. § 2254 petition for lack of jurisdiction. We deny a

COA and dismiss the matter.

In 1981, Mr. White was convicted of first degree murder in Oklahoma state

court and sentenced to life in prison. In 1985, his conviction and sentence were

affirmed on direct appeal. In 2003, Mr. White filed a § 2254 petition. The district

---

\*     This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

court dismissed the petition as time-barred, and we denied his request for a COA. In January and April 2009, Mr. White sought authorization to file a second or successive § 2254 petition, but we denied both requests because he failed to meet the standards for authorization in 28 U.S.C. § 2244. In January 2012, Mr. White filed a § 2254 petition in the Southern District of Alabama. That court determined that venue was improper and transferred the petition to the Eastern District of Oklahoma. After the transfer, the district court dismissed the § 2254 petition for lack of jurisdiction.

Mr. White now seeks a COA to appeal the dismissal of his § 2254 petition. In order to receive a COA, Mr. White must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

A prisoner may not file a second or successive § 2254 petition unless he first obtains an order from the circuit court authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). In the absence of such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2254 petition. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). Because Mr. White failed to first obtain circuit-court authorization to file his successive § 2254 petition, the district court dismissed it for lack of jurisdiction. Reasonable jurists could not debate that the district court was correct in its procedural ruling to

dismiss Mr. White's unauthorized second or successive § 2254 petition for lack of jurisdiction.

Accordingly, we DENY a COA and DISMISS this matter. We also DENY Mr. White's motion to proceed on appeal in forma pauperis (IFP) because he has failed to advance "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). All other pending motions are also DENIED.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

- 3 -